UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                CASE NO.  8:07-cr-147-T-23AAS
                                                                      8:16-cv-1652-T-23AAS

MICHAEL NEVERGALL
                                         /

**O R D E R**

     Nevergall's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for three counts of bank robbery, for which he is imprisoned for 150 months.  In 2007 Nevergall was convicted and sentenced under the terms of a plea agreement.  Recognizing the untimeliness of his application, Nevergall asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  Nevergall benefits from neither *Johnson* nor *Welch*.

     Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ."  *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (finding the summary dismissal of a Section 2255 motion

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'"). *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

## **FACTS**[2]

> Beginning in mid-December 2006, the defendant, Michael Nevergall began robbing banks with his partner in crime, Todd Jeske. Specifically, on December 14, 2006, Nevergall and Jeske robbed the Wachovia Bank located at 7112 U.S. 301 in Ellenton, Florida. In this robbery, Nevergall entered the bank and demanded money from a teller. Nevergall implied he was armed and kept his left hand in his jacket pocket during the robbery. Nevergall and Jeske received approximately $2,072.25 from the robbery, and Jeske drove the getaway car.
>
> On December 21, 2006, Nevergall and Jeske robbed the Trust Company Bank located at 1300 South Tamiami Trail in Osprey, Florida. Again, Nevergall kept his left hand in his jacket pocket and implied he had a weapon. Nevergall demanded money from the bank teller and received approximately $2,200.00 from the robbery. Jeske drove the getaway car.
>
> On December 27, 2006, Nevergall and Jeske robbed the Regions Bank located at 6001 26th Street West in Bradenton, Florida. Again, Nevergall entered the bank, implied he was armed, and demanded cash from the teller. Nevergall and Jeske received approximately $6,089.00 from the robbery and Jeske drove the getaway car. All of the banks that Nevergall and Jeske robbed were FDIC insured.

---

[2] This summary of the facts is from the plea agreement. (Doc. 25 in 08-cr-535)

## **STATUTE OF LIMITATIONS**

Nevergall's motion is time-barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus). The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Nevergall's conviction became final in 2007 and his one-year limitation expired in 2008. As a consequence, Nevergall's motion to vacate is untimely based on a limitation under Section 2255(f)(1), a fact that Nevergall recognizes.

To overcome the untimeliness under Section 2255(f)(1), Nevergall asserts entitlement to the retroactive application of *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), which holds "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." The newly recognized right established in *Johnson* applies retroactively. *Welch v. United States*, 136 S. Ct. 1257 (2016). Section 2255(f)(3) permits a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review." Nevergall timely moves to vacate his sentence under Section 2255(f)(3).

Nevertheless, Nevergall is entitled to no relief. Nevergall was sentenced under the United States Sentencing Guidelines based on his criminal offense and his criminal history with an enhancement neither as a career offender under Section 4B1.1, United States Sentencing Guidelines, nor as an armed career offender under Section 4B1.4 as authorized by the Armed Career Criminal Act, 18 U.S.C. § 924(e). As a consequence, neither *Johnson* nor *Welch* applies to Nevergall. *United States v. Walker*, 631 Fed. App'x 753, 755–56 (2015), explains:

> We recently held in *United States v. Matchett*, 802 F.3d 1185, 1193–94 (11th Cir. 2015), that the residual clause of § 4B1.2(a)(2) of the guidelines is not unconstitutionally vague because advisory sentencing guidelines cannot be unconstitutionally vague. *Id.* at 1193–96. We reasoned that *Johnson* was limited by its own terms to criminal statutes, like the ACCA, that define elements of a crime or fix punishments — neither of which the advisory guidelines do. *Id.* at 1193–94. The vagueness doctrine, we explained, rests on a lack of notice, but the Sentencing Guidelines, because they are merely advisory, cannot give rise to an expectation protected by due process. *See id.* at 1194–95. Therefore, *Matchett* precludes the success of Walker's argument based on *Johnson* that the residual clause in § 4B1.2(a)(2) of the guidelines is unconstitutionally vague.

Accordingly, Nevergall's motion to vacate is **DISMISSED** as time-barred. Nevergall is entitled to the retroactive application of neither *Johnson v. United States* nor *Welch v. United States*. The clerk must enter a judgment against Nevergall and close this case.

**DENIAL OF BOTH A
CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

Nevergall is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Nevergall must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the motion to vacate is clearly time-barred and he is entitled to relief under neither *Johnson* nor *Welch*, Nevergall is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Nevergall must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 28, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE